UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EL SAYED KHEDR

Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC,

Defendant.

CV 05 275

Docket No:

GARAUFIS, J.



COMPLAINT
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ JAN 1 9 2005 ★

BROOKLYN OFFICE
GO/ D. M.J

## COMPLAINT

The plaintiff, EL SAYED KHEDR (hereinafter the "Plaintiff"), by his attorneys, Charles

Juntikka and Associates, LLP, and Fishman & Neil, LLP, and as and for his Complaint against

EXPERIAN INFORMATION SOLUTIONS, INC., (hereafter "Experian"), alleges the

following, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees

brought pursuant to 15 U.S.C. § 1681 et seq (Fair Credit Reporting Act) and the New York Fair

Credit Reporting Act (General Business Law Art. 25 § 380 et seq.) ("NYFCRA").

2. Experian violated the FCRA and the NYFCRA by failing to follow reasonable

procedures to assure maximum possible accuracy when preparing credit reports concerning the

plaintiff.

3. Experian further violated its obligation under the FCRA and the NYFCRA to properly

reinvestigate the disputed items in the plaintiff's credit file maintained by them.

4. Experian willfully violated various provisions of the FCRA and the NYFCRA and the

plaintiff is therefore entitled to an award of actual damages and attorney's fees.

5. In the alternative, Experian negligently violated various provisions of the FCRA and the plaintiff is therefore entitled to an award of actual and punitive damages and attorney's fees.

## JURISDICTION

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. The plaintiff is a natural person and resident of the State of New York. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

9. Experian is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

## FACTS

10. On or about January 29, 2001, the plaintiff filed a Chapter 7 bankruptcy petition in the Eastern District of New York and on or about May 29, 2001, he obtained a full discharge of all of the debts listed in his petition.

11. The plaintiff included in his bankruptcy petition a debt allegedly owed to HHLD Bank (Household Credit Services), Acct. No. 541829000100, (hereafter, "the discharged account").

12.   On or about August 10, 2004, the plaintiff wrote to Experian and disputed the manner in which it was reporting the discharged account. The plaintiff's dispute stated that the discharged account did not accurately reflect that it had been discharged in bankruptcy.

13.   The plaintiff included with his dispute letter a copy of his driver's license, indicating proof of address. A copy of the order of discharge was also included, indicating all debts that were discharged in the bankruptcy.

14.   Experian received the plaintiff's dispute, but failed to conduct an adequate reinvestigation and make the corrections required by 15 U.S.C. § 1681i.

15.   On or about August 18, 2004, Experian responded to the plaintiff's dispute letter and produced a new report which evidenced that Experian had failed and refused to make the corrections necessary to make his report and file accurate.

16.   On or about November 9, 2004, the plaintiff wrote to Experian again, and disputed the manner in which it was reporting the discharged account. The plaintiff's dispute stated that the credit report once again did not accurately reflect that the Household account had been discharged in bankruptcy.

17.   The plaintiff included with his second dispute letter a copy of his driver's license, indicating proof of address. A copy of the order of discharge and schedule F were also included, indicating all debts that were discharged in the bankruptcy.

18.   Experian received the plaintiff's dispute, but once again failed to conduct an adequate reinvestigation and make the corrections required by 15 U.S.C. § 1681i.

19.   On or about November 17, 2004, Experian responded to the plaintiff's dispute letter and produced another credit report which evidenced that Experian had failed and refused to make the corrections necessary to make his report and file accurate.

20. Experian obtained and had direct access to the docket, file and list of creditors pertaining to the Plaintiff's bankruptcy. Experian obtains all of its "public record" bankruptcy information on its own or through its outside vendor. However, Experian obtains "tradeline" or account information from third party furnishers and has no internal procedures to check and compare the consistency of the data it obtains from these two sources. Instead, Experian accepts and allows information from furnishers to overcome the information it obtains directly from the files of the bankruptcy court, resulting in inaccurate information being reported on consumer credit reports.

21. On or about December 16, 2004, the plaintiff applied for a Greenpoint Bank Visa Platinum card from First USA and was rejected for credit. The plaintiff is informed and believes that the basis for this action was information First USA obtained about him from Experian.

## FIRST CAUSE OF ACTION AGAINST EXPERIAN

21. The Plaintiff realleges and incorporates each and every allegation set forth above as if fully set out herein.

22. Experian prepared, compiled, issued, assembled, transferred, published to third parties and otherwise reproduced consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d) and NYFCRA § 380-a(e).

23. Such reports contained the erroneous information described in paragraph 11. Experian knew, or should have known, that the reports contained erroneous information.

24. Experian violated 15 U.S.C. § 1681e(b) and NYFCRA § 380-j(e) by failing to establish, maintain or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the plaintiff.

25. As a result of Experian's conduct, action and inaction, the plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, and mental and emotional pain and anguish.

26. Experian's conduct, action and inaction was willful, rendering it liable to the plaintiff for punitive damages in an amount to be determined by the trier of fact pursuant to 15 U.S.C. § 1681n and NYFCRA § 380-l. In the alternative, Experian's conduct, actions and inaction was negligent entitling the plaintiff to recover actual damages under 15 U.S.C. § 1681o and NYFCRA § 380-m.

27. The plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o as well as NYFCRA § 380-l and/or NYFCRA § 380-m.

### SECOND CAUSE OF ACTION AGAINST EXPERIAN

28. The Plaintiff realleges and incorporates each and every allegation above as if fully set out herein.

29. Experian violated 15 U.S.C. § 1681i(a) and NYFCRA § 380-f on multiple occasions by failing to properly reinvestigate the plaintiff's dispute concerning inaccurate information appearing on his credit report as contained in its files or in credit reports supplied to third parties, after receiving actual notice of such inaccuracies.

30. As a result of Experian's conduct, action and inaction the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain and anguish.

31. Experian's conduct, action and inaction was willful, rendering it liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact pursuant to 15

U.S.C. § 1681n and NYFCRA § 380-l. In the alternative, Experian's conduct, action and inaction was negligent entitling the plaintiff to recover actual damages under 15 U.S.C. § 1681o and NYFCRA § 380-m.

32. The plaintiff is also entitled to recover attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o as well as NYFCRA § 380-l and/or NYFCRA § 380-m.

**WHEREFORE**, the Plaintiff demands judgment on the claims set forth above and for such other relief the Court does deem just, equitable and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a trial by jury.

Dated: January 17, 2005
New York, New York

Charles W. Juntikka, Esq. (cj4689)
CHARLES JUNTIKKA & ASSOCIATES
11 W. 42nd Street, 12th Floor
New York, NY 10036
(212) 315-3755 (tel)
(212) 315-9032 (fax)
Counsel for the Plaintiff

James B. Fishman (jbf8998)
FISHMAN & NEIL, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 897-5840 (tel)
(212) 897-5841 (fax)
Co-Counsel for the Plaintiff